UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
ALEXANDRU PAVEL,

                  Plaintiff,

    v.

PLYMOUTH MANAGEMENT GROUP, INC.,

                  Defendant.
------------------------------------------------------X

**MEMORANDUM & ORDER**

02-CV-6195 (NGG)

GARAUFIS, United States District Judge.

Alexandru Pavel ("Plaintiff"), acting pro se, brings suit against Plymouth Management Group, Inc. ("Defendant") alleging wrongful termination pursuant to the American with Disabilities Act ("ADA").[1] Before the court is Defendant's Motion to Dismiss the complaint for lack of subject matter jurisdiction, or alternatively for summary judgment, pursuant to Rules 12(h) and 56(c), respectively, of the Federal Rules of Civil Procedure.

As a threshold matter, the court notes that it will treat Defendant's motion as a Rule 56 motion for summary judgment and not as motion to dismiss for lack of subject matter jurisdiction. See Rovira v. New York Apparel Sales, 2002 WL 1471557, at *2 (E.D.N.Y. May 31, 2002). The Defendant argues that the court lacks subject matter jurisdiction on grounds that the Defendant does not qualify as an employer within the meaning of the ADA because it does not meet the fifteen-employee requirement. (See Affirmation in Support of Defendant's Motion for Summary Judgment ("Def.'s Aff.") ¶ 15). Although the law in other circuits holds to the

---

[1] In a Memorandum & Order ("M&O") dated June 2, 2004, this court granted the Defendant's motion for summary judgment with respect to two other claims brought by the Plaintiff: (1) an age discrimination claim brought pursuant to the Age Discrimination in Employment Act ("ADEA"), and (2) a religious discrimination claim brought pursuant to Title VII. In that M&O, the court denied the Defendant's motion for summary judgment with respect to Plaintiff's instant ADA claim, finding that Plaintiff had set forth material questions of fact in dispute.

contrary, the Second Circuit has held that the fifteen-employee requirement of Title VII is not a jurisdictional matter, but rather goes to the merits of the claim. Da Silva v. Kinsho Int'l Corp., 229 F.3d 358, 365 (2d Cir. 2000). Da Silva is controlling, and, accordingly, the Defendant's motion will be considered a motion for summary judgment. See Krasner v. Episcopal Diocese of Long Island, 374 F.Supp.2d 306, 308-9 (E.D.N.Y. 2005) (follwing Da Silva); Fernandez v. M & L Milevoi Mgmt. Inc., 357 F.Supp.2d 644, 646 (E.D.N.Y. 2005) (same).

## I.     Standard of Review

A court may grant summary judgment only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden is on the moving party to demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In a motion for summary judgment, the court construes the facts in the light most favorable to the non-moving party, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and all reasonable inferences and ambiguities must be resolved against the moving party. Flanigan v. Gen. Elec. Co., 242 F.3d 78, 83 (2d Cir. 2001).

"It is well settled that pro se litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'" Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (citing Graham v. Henderson, 89 F.3d 75, 79 (2d Cir.1996)). However, "a plaintiff's pro se status does not allow him to rely on conclusory allegations or unsubstantiated speculation to overcome a motion for summary judgment." Almonte v. Florio, 2004 WL 60306, at *3 n.10 (S.D.N.Y. Jan. 13, 2004).

## II. Discussion

### A. *The Fifteen-Employee Requirement*

To be subject to the terms of the ADA, the Defendant must be an "employer" within the meaning of the statute, i.e. "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 12111(5)(A). An employee is defined in the statute as "an individual employed by an employer." Id. § 12111(4). In Walters v. Metropolitan Educational Enterprises, 519 U.S. 202 (1997), the Supreme Court addressed the issue of how to determine the number of employees an employer "has" for purposes of the fifteen-employee requirement. There, the Court adopted the so-called "payroll method" in making such a determination. Walters, 519 U.S. at 207. Under the payroll method, "the test for when an employer 'has' an employee is no different from the test for when an individual is an employee: whether the employer has an employment relationship with the individual on the day in question." Id. at 206. This is termed the payroll method because "the employment relationship is most readily demonstrated by the individual's appearance on the employer's payroll." Id.

As the Supreme Court explicitly adopted use of the payroll method in the ADA context, that test controls here, notwithstanding the Plaintiff's arguments to the contrary. (See Plaintiff's Brief in Opposition ("Pl.'s Opp.") at 2-3). The Plaintiff cites to several of the arguments presented to the Supreme Court in Walters to suggest that this precedent does not apply to the present case. (Id.). The Plaintiff's arguments, however, are without merit.

### B. *Undisputed Material Facts*

The Plaintiff, in opposition to the Defendant's motion for summary judgment, argues that the Defendant has employed the requisite fifteen employees for the requisite period, such that the

ADA applies to the Defendant. He argues (1) that his own status as a full-time and part-time employee affects the calculation of number of employees; and (2) that the Defendant has omitted certain staff from its calculation, for example accounting office staff, the President and Vice-President of the company, and payroll office staff. (See Pl.'s Opp. at 3-4). In support of his argument, the Plaintiff has provided copies of his pay stubs, paid by Plymouth Management Group, Inc. to Alexandru Pavel, over the course of several years running from 1996 through January 1999. (See Pl.'s Opp.). While this provides evidence that the Plaintiff was indeed employed by the Defendant for this time period, it proves nothing with respect to the satisfaction of the ADA's fifteen-employee requirement.

The Defendant, on the other hand, has provided admissible evidence, in accordance with Rule 56(c) of the Federal Rules of Civil Procedure, to show that the fifteen-employee requirement has not been met. The President of Plymouth Management Group, Inc., by affidavit, affirms that "[t]hroughout the entire year 2001, and for the preceding year 2000, Plymouth Management Group, Inc. employed less than fifteen employees." (Def.'s Aff. Ex. C ¶ 4).[2] The Defendant also submits copies of its payroll tax filings for 2000 and 2001. These filings show that Plymouth Management Group, Inc. paid eight employees in 2000, and eleven employees in 2001. (Def.'s Aff. Ex. D). The Plaintiff is not listed on these payroll filings because he was in fact employed as Superintendent of 1215 Avenue M Tenants Corp., a cooperative corporation for which Plymouth Management Group, Inc. served as Managing Agent. (Def Aff. Ex. C ¶¶ 2,3). The Plaintiff was the sole employee of the co-op corporation. (Id. ¶ 3). Even assuming that the Plaintiff was employed by the Defendant (as his pay stubs

---

[2] The relevant time period covers 2000 and 2001. The Plaintiff was terminated from employment in July 2001.

suggest), and including the Plaintiff in the total number of employees of the Defendant for ADA purposes, the fifteen-employee requirement would still not be met.

### III. Conclusion

The Defendant has offered uncontested proof that the fifteen-employee requirement of the ADA has not been met. Construing the facts in the light most favorable to the Plaintiff, he has failed to demonstrate that any genuine issue of material fact exists. As a matter of law, therefore, the Defendant is entitled to summary judgment. The Defendant's motion for summary judgment is hereby GRANTED.

SO ORDERED.

Date: October 18, 2005  /s/ Nicholas Garaufis
Brooklyn, New York  NICHOLAS G. GARAUFIS
United States District Judge